## Dyberry Township v. Wayne County Agricultural Society, Inc.

*John J. Koehler, 2nd*, for plaintiff.
*James Rutherford*, for defendant.

BODIE, P. J., April 20, 1953.—Plaintiff, Township of Dyberry, filed a complaint in assumpsit against the Wayne County Agricultural Society, Inc., defendant, seeking to collect the sum of $1,206.48 for amusement taxes levied by the township under an amusement tax ordinance. The amount claimed is tax on admissions to the grounds of defendant.

Defendant filed an answer to the complaint, raising questions of law denying any liability because of the fact that it is their contention that the admission to the fair grounds of defendant is not an admission to an amusement within the meaning of the act and, therefore, they are not liable for the tax on the same. The parties agreed to submit the case to the court on the question of law.

The Act of June 25, 1947, P. L. 1145, as amended May 9, 1949, P. L. 898, and September 29, 1951, P. L. 1578, 53 PS §2015.1, provides:

"That a township of . . . the second class . . . may in their discretion, by ordinance or resolution, for general revenue purposes, levy, assess and collect or provide for the levying, assessment and collection of . . .

"(3) A tax on admissions to places of amusement, athletic events, and the like."

And, in pursuance of the act of assembly, the Board of Supervisors of Dyberry Township, on April 1, 1952, enacted an amusement tax ordinance of 10 percent on admissions to amusements, and defined amusements, as follows:

"(b) The term 'amusement' shall mean all manner and form of entertainment including, among others, the following: Theatrical performance, motion picture exhibition, sound motion picture exhibition, carnival, circus, show, concert, sports event, vaudeville show, side show, amusement park and all forms of entertainment therein, athletic contest, and any other form of

diversion, sport, pastime, or recreation for which admission is charged or paid."

It is the contention of defendant that the admission to the grounds of the Wayne County Agricultural Society is not an admission to an amusement as contemplated by the act.

The Wayne County Agricultural Society was incorporated in 1862 and for almost a century has been annually conducting a fair. It is located upon a large tract of land, upon which are constructed buildings for the exhibition of poultry, cattle, grange exhibits, school exhibits and on the grounds during the fair dealers in farming equipment and implements erect tents and display their wares. There is a one-half mile race-track on the grounds and horse races are held in the afternoon and sometimes automobile races. A grandstand approximately 300 feet long is located along the track and on the opposite side is the judge's stand, an outdoor stage where theatricals are exhibited between races and at the evening performance. These theatrical performances cannot be viewed to any advantage except from the grandstand, and the outcome of the races cannot be seen unless one is in the grandstand, although the horses and automobiles going around the race-track can be seen by people on the grounds as well as people on the public highway outside of the grounds, and there is the usual midway, merry-go-rounds, the whip, and various forms of rides and amusements located throughout the fair grounds.

An admission fee is charged for the grandstand and all rides and concessions are charged for by their separate ticket offices. The entrance fee to the fair grounds entitles the owner only to come in upon the grounds, where he may see the exhibits of poultry, cattle, grange exhibits, exhibits of farm machinery, and the like.

There is no question that the admissions to the

grandstand and any admissions to the rides or shows on the grounds would be subject to an amusement tax, so that the only question involved would be whether a tax may be imposed upon the entrance fee to the fairgrounds.

It should be noted that the ordinance of Dyberry Township defines amusement but does not specifically include entrance to an agricultural fair. The purpose of the fair was originally to promote the interest of agriculture and while horse-racing and vaudeville performances, rides and shows have attached themselves to the fair activities it is probably true that more people, collectively, view the farm exhibits than patronize the amusements.

Webster's Dictionary defines an amusement as "a diversion, recreation and entertainment, game or spectacle", and we doubt very much if admission to the Wayne County Fair Grounds could be classified under this definition.

While it may be true that a person on the fair grounds may see some of the theatrical acts from a disadvantageous point or may see horses or automobiles running around the track, the entrance fee to the grounds is not for that purpose as they can only be seen to good advantage from the grandstand, which charges a separate admission fee.

The Wayne County Agricultural Society, Inc., has for many years received an annual appropriation from the Commonwealth of Pennsylvania, under the Act of July 25, 1917, P. L. 1195, and amendment of June 25, 1937, P. L. 2091, which appropriation is "For the purpose of encouraging agriculture and the holding of agricultural exhibitions of farm products".

It would seem incongruous to tax as an amusement an exhibition of agricultural products and livestock, when the Commonwealth subsidizes the fair with public funds. If the fair is an amusement, the Com-

monwealth has no right to appropriate public funds. If it is an agricultural exhibition and entitled to public subsidizing, it cannot be classed and taxed as an amusement.

Under all the facts in the case, we must come to the conclusion that admission to the grandstand or rides and shows of an entertaining nature upon the grounds are subject to an amusement tax, but the entrance fee to the fair grounds themselves is not an admission fee which would be taxable under the amusement tax ordinance of the Township of Dyberry, enacted April 1, 1952.

### Decree

Now, to wit, April 20, 1953, for the reasons set forth in the within opinion, the court finds in favor of defendant.